J-S08011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :            PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| SCOTT BISHOP | : |
| | : |
| Appellant | :   No. 183 EDA 2025 |

Appeal from the PCRA Order Entered December 13, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003894-2015

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:           **FILED JUNE 9, 2026**

Scott Bishop appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Bishop challenges the PCRA court rejecting his claims of ineffective assistance of trial and appellate counsel. After careful review, we affirm.

The PCRA court set forth the relevant procedural and factual history.

On March 28, 2015, Parole Agent Brandon Smith made an unannounced visit to [Bishop] at his apartment, where he had just recently moved. Agent Smith informed [Bishop] that he was due for a drug screening test in accordance with his parole agreement, which [Bishop] agreed to. A urine test was then administered which came back positive for methamphetamines. As this was a violation of [Bishop's] parole, Agent Smith placed [Bishop] into custody while he sought approval from his supervisor to conduct a search of [Bishop's] property for contraband.

After obtaining approval for the search, Agent Smith asked [Bishop] whether he had anything in the apartment that Smith should know about. [Bishop] informed [Agent Smith] that he had

a gun in the hallway closet. In the closet, Agent Smith found a black trash bag containing a revolver, several spent casings, two electronic scales, packaging materials and marijuana. Marijuana was also found in [Bishop's] bedroom. Agents later asked [Bishop] about the location of his vehicle. The car, which was parked on the corner of the street near the apartment, was searched shortly thereafter and bullets matching the revolver and casings from the closet were recovered.

[Bishop] was charged with prohibited possession of a firearm in violation of the Uniform Firearms Act, 18 Pa.C.S.A. § 6105; possession of marijuana, [35 P.S.] § 780-113(a)(31); and possession of drug paraphernalia, [35 P.S.] § 780-113(a)(32). On November 19 and 25, 2015, [Bishop] appeared before [the Honorable] Daniel J. Anders to argue his motion to suppress statements and physical evidence. Judge Anders granted suppression of [Bishop's] statement to Agent Smith concerning the location of the revolver, but denied suppression as to [Bishop's] statement informing agents about the location of his car, as well as to all physical evidence recovered from both the apartment and car.

On January 28, 2016, [Bishop] appeared before [the trial court] for a waiver trial and was found guilty on all counts. On April 15, 2016, the [trial c]ourt sentenced [Bishop] to three to eight years of incarceration followed by one year of probation. [Bishop] appealed his sentence to the Superior Court, which affirmed the judgment in an unpublished [memorandum] on June 18, 2018. *Commonwealth v. Bishop*, 1193 EDA 2016, 2018 WL 3015333 (Pa. Super. June 18, 2018) (unpublished memorandum). The Pennsylvania Supreme Court granted [Bishop's] petition for allowance of appeal to address ["whether the Pennsylvania Constitution extends greater protection than its federal counterpart with respect to the Fifth Amendment right against self-incrimination in the context of physical evidence recovered as a result of or during the course of an unwarned statement[.]" *Commonwealth v. Bishop*, 196 A.3d 129, 130 (Pa. 2018) (*per curiam*).] In September of 2019, the Supreme Court affirmed the Superior Court's order and declined to directly address the question after holding that it had not been properly preserved in

the lower courts. ***Commonwealth v. Bishop***, 217 A.3d 833 (Pa. 2019).[1]

[Bishop] timely filed a *pro se* PCRA petition on June 6, 2020, and an amended petition on January 22, 2021 after the [PCRA c]ourt appointed counsel. On October 29, 2021, after receiving briefs from both the Commonwealth and [Bishop], the [PCRA c]ourt dismissed the petition without a hearing. [Bishop] appealed this dismissal, and on April 20, 2023 the Superior Court reversed the dismissal and remanded the case so that an evidentiary hearing could be held. ***Commonwealth v. Bishop***, 2450 EDA 2021, 2023 WL 3019163 (Pa. Super. filed April 20, 2023) (unpublished memorandum).

The hearing on [Bishop's] PCRA petition took place on December 13, 2024. The [PCRA c]ourt heard testimony from [Attorney] Joseph McPeak, who served as trial counsel for [Bishop]. Agent Brandon Smith was scheduled to testify as well, but he did not appear after apparently ceasing all contact with the Commonwealth at some point prior. At the conclusion of the hearing, the PCRA [c]ourt again denied [Bishop's] petition.

PCRA Court Opinion, 3/25/25, at 1-3 (internal citation formatting altered; headings omitted).

Bishop appealed. Both Bishop and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. ***See*** Pa.R.A.P. 1925(a), (b).

Bishop raises the following issues for our review.

1. Whether the PCRA court erred in dismissing [Bishop's] petition where trial counsel was ineffective for failing to distinguish

---

[1] Although our Supreme Court did not reach the merits, it noted that the United States Supreme Court has held that the Fifth Amendment of the United States Constitution does not require the suppression of physical evidence recovered as a result of a statement obtained in violation of ***Miranda v. Arizona***, 384 U.S. 436 (1966) and "[t]o date, Article I, Section 9 has not been interpreted by this Court to provide any greater protection than does the Fifth Amendment in the relevant regard." ***Bishop***, 217 A.3d at 836 (citation omitted).

between the protections afforded by the Fifth Amendment to the United States Constitution and the broader protections afforded by Article I, Section 9 of the Pennsylvania Constitution during the suppression hearing?

2. Whether the PCRA court erred in dismissing [Bishop's] petition where appellate counsel was ineffective for failing to raise Article I, Section 8 and Article I, Section 9 constitutional claims on direct appeal, resulting in waiver?

3. Whether the PCRA court erred in dismissing [Bishop's] petition where trial counsel was ineffective for failing to object to the Commonwealth's non-disclosure of *Brady* material in violation of the Confrontation Clause?

4. Whether the PCRA court erred in dismissing [Bishop's] petition where trial counsel was ineffective for failing to adequately cross-examine the parole agent who conducted the search of [Bishop's] vehicle?

Appellant's Brief, at 4-5 (renumbered; suggested answers omitted).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa. Super. 2021) (citation omitted).

Each issue raised by Bishop sounds in ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel a petition must establish the following: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for

- 4 -

counsel's error." **Commonwealth v. Wilson**, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). "We presume that counsel was effective and, therefore, the petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." **Parker**, 249 A.3d at 595 (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." **Id.** (citation omitted). "Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Shields**, 347 A.3d 734, 745 (Pa. Super. 2025) (citation omitted).

In his first issue, Bishop argues that trial counsel was ineffective for failing to argue that Article I, Section 8 and Article I, Section 9 of the Pennsylvania Constitution offer parolees greater search and seizure and due process protections than the federal constitution and he asserts that had trial counsel raised such a claim, the evidence found in his vehicle would have likely been suppressed. **See** Appellant's Brief, at 13-16.

The Commonwealth argues that Bishop is arguing for the first time on appeal that counsel should have raised a challenge to the individualized reasonable suspicion required for a parole-based search, and therefore, the issue is waived.[2] **See** Appellee's Brief, at 9. Furthermore, the Commonwealth

_____

[2] On this point, we disagree with the Commonwealth. In his brief, Bishop states that a competent attorney would have argued that Article I, Section 8 "requires individualized suspicion for each search location." Appellant's Brief, at 15. Although his petition does not state that Article I, Section 8 "requires individualized suspicion for each search location" it does state that counsel

*(Footnote Continued Next Page)*

argues that a challenge to the admission of physical evidence under Article I, Section 8 would have failed because the officer had reasonable suspicion, based on a failed drug test, that Bishop violated parole and the search was reasonably related to the parole officer's duties. *See id.* at 9-10 (citing *Commonwealth v. Hunter*, 963 A.2d 545, 552 (Pa. Super. 2008)). Additionally, to the extent that Bishop is asserting counsel should have raised a claim under Article 1, Section 9, that claim would have been meritless because "the Pennsylvania Constitution does not require suppression of physical evidence found as a result of *Miranda* violations." *Id.* at 10 (citing *Commonwealth v. Abbas*, 862 A.2d 606, 611 (Pa. Super. 2004)).

As a preliminary matter, we note that Bishop's argument on this issue is deficient.[3] He offers conclusory statements, unsupported by case law, that

_____

was ineffective for failing to argue that Article I, Section 8 provides "broader protections" than the Fourth Amendment. Amended PCRA Petition, 1/22/21, at 6 (unpaginated). Therefore, we decline to find waiver on these grounds.

However, his petition does not include any mention that trial counsel was ineffective for failing to argue that the evidence should have been suppressed under the due process clause of Article I, Section 9. Therefore, Bishop has waived any argument that counsel was ineffective for failing to argue that the due process clause of Article I, Section 9 was a grounds for relief. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) ("an issue is waived where it was not presented in the original or amended PCRA petition below.") (citations omitted); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

[3] We further note that Bishop specifically states that his "argument is not based on Fifth Amendment self-incrimination principles[.]" Appellant's Brief, at 13. Additionally, he does not assert that counsel was ineffective for failing
*(Footnote Continued Next Page)*

- 6 -

the Pennsylvania Constitution offers greater protections to parolees than the federal constitution such that, because his vehicle was not in the immediate vicinity of the discovered contraband, under Pennsylvania law, the parole officer did not have reasonable suspicion to search his vehicle. *See* Appellant's Brief, at 15; Pa.R.A.P. 2119(a), (b) (an appellant shall provide pertinent legal citation and discussion).

Moreover, he is incorrect that the Pennsylvania Constitution offers greater protection to parolees for warrantless searches than the federal constitution. Our Supreme Court has expressly held that such searches are subject to the same protections under Article I, Section 8 as they are under the Fourth Amendment. *See Commonwealth v. Williams*, 692 A.2d 1031, 1039 (Pa. 1997). Accordingly, "[a] search will be deemed reasonable if the totality of the evidence demonstrates: (1) that the parole officer had a reasonable suspicion that the parolee had committed a parole violation, and (2) that the search was reasonably related to the parole officer's duty." *Id.* at 1036 (citations omitted). Here, Bishop failed a field drug test. The parole agent testified that in his experience drug users store drugs in their vehicles. *See*

---

to argue that Article I, Section 9's protection against self-incrimination warranted relief. *See id.* at 13-16. This is significant because that is exactly the issue that our Supreme Court granted allocatur to consider on direct appeal and found that trial counsel's failure to distinguish between the Fifth Amendment and Article I, Section 9 in the lower court resulted in waiver. *See Bishop*, 217 A.3d at 838, 841-43. Therefore, we need not consider whether our Supreme Court's grant of review, without addressing the constitutional issue, demonstrates that the underlying legal claim is of arguable merit.

N.T., 11/23/15, at 7-8, 21. This amounted to reasonable suspicion to justify the search of Bishop's vehicle. He offers no persuasive argument that challenging the search under the Pennsylvania Constitution would have led to suppression. Therefore, because he failed to establish that his underlying legal claim is of arguable merit, he is not entitled to relief on his first issue.

In his second issue, Bishop claims that appellate counsel was ineffective for failing to raise Pennsylvania Constitutional claims on direct appeal. *See* Appellant's Brief, at 20-22.[4] Specifically, he invokes, again in conclusory fashion, Pennsylvania's broad protections against unreasonable searches and seizures under Article I, Section 8, and due process under Article I, Section 9, as grounds that if raised on direct appeal would have granted him relief. *See id.* He argues that appellate counsel was not only ineffective for raising these arguments in the first instance but also for failing to raise on direct appeal that trial counsel was ineffective for failing to preserve the issue. *See id.* at 22.

The Commonwealth argues that Bishop waived this claim for lack of development because Bishop "fails to cite any case law supporting the claim

_____

[4] Again, Bishop completely disclaims the argument that appellate counsel was ineffective for failing to argue that Article I, Section 9 provides greater protections against self-incrimination than the Fifth Amendment and therefore, requires that physical evidence obtained from a statement that violated *Miranda* be suppressed–the issue for which our Supreme Court granted review but then held that his counsel had waived. *See* Appellant's Brief, at 20-22.

that appellate counsel should have raised." Appellee's Brief, at 13. Further, the Commonwealth argues that the claim would be meritless. *See id.* at 13-14.

Bishop merely makes conclusory statements that "Pennsylvania's Article I, Sections 8 and 9 provide broader protection than federal constitutional minimums[,]" and therefore, appellate counsel was ineffective for failing to raise those claims on appeal. *See* Appellant's Brief, at 20-22. He cites to no legal authority to support the merits of his underlying legal claim. *See id.* Further, he cites to no case law to support his assertion that appellate counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to preserve Pennsylvania constitutional claims. *See id.* at 22. Such lack of development violates the appellate rules. *See* Pa.R.A.P. 2119(a), (b); Pa.R.A.P. 2101.

Moreover, "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Shields*, 347 A.3d at 744 (citation omitted). As previously stated, trial counsel was not ineffective for failing to argue that Article I, Section 8 and the due process clause of Article I, Section 9 provide parolees greater protections from warrantless searches than the federal constitution because the underlying legal claims lack arguable merit. By extension, appellate counsel cannot be

ineffective for failing to raise the same issue. *See id.* Therefore, Bishop's second claim fails.

In his third issue, Bishop argues that the Commonwealth violated *Brady* by failing to disclose Agent Smith's personnel files, disciplinary records, and training documentation and trial counsel was ineffective for failing to object to this non-disclosure. *See* Appellant's Brief, at 16-19. Bishop argues that these alleged documents could have led to a different outcome because the trial court relied on Agent Smith's experience, which would have been undermined by such disclosure. *See id.* at 19.

The Commonwealth argues that Bishop waived this issue by not raising it below. *See* Appellee's Brief, at 11. Further, the Commonwealth argues that the requested documentation does not exist and Bishop has failed to establish how he was prejudiced. *See id.* at 11-12.

We agree with the Commonwealth that Bishop failed to raise this issue below. In his appellate brief, Bishop states that this claim "is not about challenging the field test results, but about obtaining personnel, disciplinary, and training records for the parole agents." Appellant's Brief, at 17. However, this is not what he raised in his PCRA petition. In his PCRA petition, Bishop asserted that trial counsel was ineffective for failing to object to the Commonwealth's failure "to disclose the field test results of the urine drug screen performed by the arresting parole agent." Amended PCRA Petition, 1/22/21, at 10 (unpaginated); *see also* PCRA Petition, 6/6/20, at 9-10.

Therefore, because Bishop never raised in his PCRA petition the issue he argues on appeal, it is waived. *See Jones*, 912 A.2d at 278; Pa.R.A.P. 302(a).

In his final issue, Bishop argues that trial counsel was ineffective for failing to cross-examine Agent Smith about his experience with conducting searches of parolees, his training and qualifications to conduct searches, and whether Agent Smith acted in compliance with department protocols for searches. *See* Appellant's Brief, at 23-24. He argues that failure to engage in this cross-examination was not a strategic choice and that he was prejudiced because the reasonable suspicion to search Bishop's car was based on Agent Smith's experience and cross-examination would have revealed that Agent Smith's experience related to searching parolees in similar situations was quite limited. *See id.* at 24-25.

As the Commonwealth points out, in his PCRA petition, Bishop asserted that trial counsel was ineffective for failing to cross examine Agent Smith regarding the lack of documentation to corroborate his positive field drug test. *See* PCRA Petition, 6/6/20, at 9-10; Amended PCRA Petition, 1/22/21, at 6 (unpaginated) ("[t]he lack of documentation for the positive field test undermined the credibility of the parole agent, yet trial counsel failed to raise this vital issue during the suppression hearing."). However, for the first time on appeal, Bishop is asserting that his trial counsel was ineffective for failing to cross-examine the parole agent on his training, experience, qualifications, policy compliance, and scope of authority. *See* Appellant's Brief, at 23-26.

We agree with the Commonwealth that Bishop never raised this issue in his PCRA petition, never raised it before the PCRA court, and therefore, it is waived on appeal. *See Jones*, 912 A.2d at 278; Pa.R.A.P. 302(a).

Accordingly, for the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/9/2026